CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 25 2011
JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| JEANNIE GONZALEZ, *Plaintiff*, v. BENEFICIAL MORTGAGE COMPANY OF VIRGINIA, *et al.*, *Defendants*. | **Civil Action No. 7:10-cv-00235** <br> **<u>Memorandum Opinion</u>** <br> **By: James C. Turk** <br> **Sr. United States District Judge** |

This matter comes before the Court on Defendant Beneficial Mortgage Company of Virginia's ("Beneficial") motion to dismiss Plaintiff Jeannie Gonzalez's ("Gonzalez") amended complaint. Gonzalez responded, Beneficial replied, and the Court heard oral arguments on October 6, 2010. The matter is now ripe for disposition. For the reasons that follow, Beneficial's motion to dismiss will be **GRANTED**.

## I. Background and Procedural History

On October 23, 2007, Gonzalez and her late husband obtained a loan in the amount of $265,984.74 from Beneficial refinancing the Gonzalez's home located at 325 Yoder Road, Max Meadows Virginia (the "property"). The loan was secured by a deed of trust on the property. The deed of trust is a lien on the property. The loan papers included a Notice of a Right to Rescind the transaction which informed Gonzalez how to rescind the transaction and informed her of the relevant deadlines for rescinding the transaction under the Federal Truth-in-Lending Act ("TILA").

The loan papers also disclosed certain "finance charges" as required by TILA, but excluded a $928.40 charge for title insurance to protect Beneficial's interest in the property.

Gonzalez became delinquent on the loan and Beneficial started foreclosure proceedings. The property was scheduled for sale on June 7, 2010. Gonzalez initially filed this suit on June 4, 2010, and filed a *lis pendens* on the property in the public land records, halting the foreclosure sale of the property. Gonzalez amended her complaint on September 2, 2010. Her amended complaint seeks a declaratory judgment that Gonzalez is entitled to rescind the loan, and thus Beneficial is not entitled to foreclose on the property.

## II. Standard of Review

A claim must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. Pro. 12(b)(6). To state a claim, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). When evaluating a complaint under Rule 12(b)(6), courts must "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). While reiterating that "detailed factual allegations" are not required, the United States Supreme Court holds that pleadings which merely offer "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss. *Id.*

## III. Analysis

Gonzalez asserts in this suit that she has a right to rescind the credit transaction at issue in this case under TILA, and that Beneficial cannot foreclose on her home. Generally, TILA grants a debtor a right to rescind a credit transaction only within three days of closing. But, in certain situations, the period in which a debtor can rescind is extended to three years from closing. Gonzalez brought this action to rescind her loan from Beneficial outside of the three day window, but within three years. She argues that the TILA rescission window should be extended in this case because: (1) Beneficial failed to clearly disclose her right to rescind the loan; and (2) Beneficial materially under-disclosed certain finance charges. For the reasons discussed below, Gonzalez is not entitled to an extension, and her claim is untimely.

### a. Disclosure of the Right to Rescind

TILA grants debtors in some credit transactions the right to rescind the transaction and restore the *status quo ante.* 15 U.S.C. § 1635(a). Pursuant to that right, lenders must notify borrowers in certain circumstances that they have this right to rescind until midnight on the third business day after closing on the credit transaction. *Id.* However, when the creditor fails to notify the debtor properly of her right to rescind, the right extends to three years from the closing of the transaction so long as the home's title has not changed hands. 15 U.S.C. § 1635(f). Gonzalez asserted her right to rescind by filing the instant suit on June 4, 2010, outside of the three day window, but within three years of closing. Accordingly, if Beneficial did in fact disclose to Gonzalez her right to rescind at the time of the transaction, her rescission of the transaction is untimely. However, if there was a right to rescind, and Beneficial did *not* disclose the right, Gonzalez's rescission is timely, valid, and binding.

The Court must answer two questions. First, did Gonzalez have a right to rescind at all? And second, if there was a right to rescind, did Beneficial disclose it? If Gonzalez did not have a right to rescind *or* if Beneficial properly disclosed the right, Gonzalez's claim fails as a matter of law and must be dismissed. Thus, if Beneficial did properly disclose to Gonzalez her right to rescind the transaction, the question of whether the right existed in the first place is moot. If Beneficial disclosed, this claim must fail as a matter of law because it is untimely.

Gonzalez alleges in her amended complaint that Beneficial provided her with a document titled "Notice of Right to Cancel." Amended Compl. at ¶ 11. Gonzalez

admits that this Notice "was generally in the form of Exhibit H of Regulation Z, promulgated by the Federal Reserve Board." *Id.* Gonzalez further admits that the Notice informed her how to rescind the transaction and informed her of the relevant TILA deadlines for rescinding the transaction. *Id.* Gonzalez does not allege any defect in the Notice or that the Notice did not comport with TILA requirements or Regulation Z. Gonzalez admits that "[i]n this case, the notice of the right to cancel, taken alone, was in proper form." Dkt. 31, at 9.

Gonzalez though asserts that Beneficial undermined this explicit notice of the right to rescind because, in addition to the notice of the right to rescind, the closing papers also contained an arbitration clause. The arbitration clause stated that the right of arbitration survived any termination of the deal, but that Gonzalez could opt out of arbitration by sending a writing notice to Beneficial within thirty days of closing. Gonzalez alleges that this arbitration clause undermined Gonzalez's right to rescind by requiring her to send two notices if she sought to rescind the deal. According to Gonzalez, the arbitration provision "essentially contradicted" her right to rescind the entire transaction with one notice as required by TILA. Because rescinding the entire transaction required Gonzalez to send two notices, Beneficial "failed clearly to disclose to the Gonzalezes their right to cancel."

However, Beneficial did not fail to clearly disclose the right to rescind because the arbitration cancellation provision was completely unrelated to the general cancellation provision and did not "undermine" the purpose of the TILA right to rescind. Pursuant to TILA, a debtor's rescinding of a credit transaction

discharges her liability for any finance or other charges and voids the transaction as a matter of law. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.2(d)(1). Rescission under TILA renders the entire loan agreement void, *including* any arbitration clauses. *See Chapman v. Mtg. One Corp.*, 359 F. Supp. 2d. 831, 833–34 (E.D. Mo. 2005) (denying a motion to compel arbitration on the grounds that TILA rescission voided the arbitration clause and that the lender could not "seek to enforce the terms of a voided contract").

The separate cancellation provisions in this transaction merely provided Gonzalez an opportunity to terminate the arbitration provision of the transaction without voiding the whole deal. The separate arbitration cancellation provision simply gave Gonzalez a choice of whether she would be bound to arbitrate any dispute regarding the deal. Her choice to arbitrate or not to arbitrate was wholly separate from her choice to cancel the entire deal. Regardless of whether or not she agreed to the arbitration provision, Gonzalez had the right to rescind the entire transaction.

Because she always had that right, Beneficial's separate arbitration provision did not "undermine" her clearly disclosed TILA right to rescind. Since Beneficial properly disclosed the right to rescind, Gonzalez had three days from closing to rescind the transaction, rather than the three years she claims she had. Gonzalez asserted her right to rescind long after the three day window had closed, and her claim must now be dismissed as untimely.

**b. Under-disclosure of Finance Charges**

Pursuant to TILA, a lender must disclose to the borrower certain "finance charges" associated with the loan. 15 U.S.C. § 1605(a). But, a lender may exclude title insurance charges from the required finance charge disclosure. 15 U.S.C. § 1605(e)(1). To be excluded though, the title insurance charges must be *bona fide* and reasonable. 12 C.F.R. § 226.4(c)(7). In this case, Beneficial disclosed the finance charges as mandated, but did not include a $928.40 charge for title insurance. Gonzalez argues that the title insurance charge was not *bona fide* and reasonable, and therefore Beneficial improperly excluded the charge from disclosure. Gonzalez alleges that the title insurance charge was not *bona fide* because the charge violated a Virginia state law prohibiting lenders from requiring borrowers to use a particular title insurer. Va. Code Ann. § 6.1-330.70(B) ("In the case of loans secured by deeds of trust or mortgages on one to four family residences, the lender may not require the borrower to use the services of a particular attorney, surveyor or insurer.").

The title insurance at issue was "lender's coverage" obtained by Beneficial to protect its own interest in a first lien position on the deed of trust. Gonzalez construes Va. Code Ann. § 6.1-330.70(B) as giving her the right to select the insurance company Beneficial retained to insure its interests. However, Gonzalez has not cited, and the Court cannot find, any authority holding that a borrower has the unilateral right to dictate the *lender's* title insurance company. The statute provides that a lender "may not require the *borrower* to *use*" a particular insurer,

but does not give the borrower the right to select the insurer *on behalf of the lender*. Va. Code Ann. § 6.1-330.70(B) (emphasis added).

There is no allegation that Beneficial's selection of a particular insurer for Beneficial's benefit deprived Gonzalez of the opportunity to select an insurer for her benefit. Accordingly, Beneficial did not violate the Virginia statute. Thus, Gonzalez has no basis for alleging that the exclusion of the title insurance charge from the finance charge disclosure was not *bona fide*. Because Beneficial's exclusion of the title insurance charge was legal, Beneficial did not violate TILA such that Gonzalez's rescission window should be extended. Her claim is untimely and must fail as a matter of law.

## IV. Conclusion

Regardless of whether Gonzalez actually had the right to rescind the refinance loan in question here, Beneficial clearly disclosed to Gonzalez a right to rescind. Beneficial also did not improperly exclude the title insurance charges from the finance charge disclosure. Beneficial's actions were proper, and Gonzalez is not entitled to an extended time-frame to rescind the loan. Because Gonzalez failed to rescind the loan within the three days provided by TILA, he claim is now untimely and fails as a matter of law.

For the foregoing reasons, Beneficial's motion to dismiss (Dkt. 25) will be **GRANTED.**

**ENTER:** This 25th day of March, 2011.

Sr. United States District Judge